W. F. COLLIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8335. Promulgated December 30, 1926.

In 1918 petitioner orally agreed to sell his partnership interest at a price to be later determined. In 1919 the price was agreed upon and the sale made. *Held*, the agreement in 1918 did not constitute a sale to permit of a deduction in that year of the loss sustained.

*David A. Gates, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

This proceeding results from the determination by respondent of a deficiency in income tax for the year 1918 in the amount of $379.36, predicated upon disallowances of loss deductions on alleged

sales of a stock of merchandise and of certain cotton within that year, and of a deficiency of $40.67 for the year 1919, due to alleged errors in amounts of interest and donation deductions allowable.

### FINDINGS OF FACT.

The petitioner is an invidual residing at Clarksville, Ark. About 1905 he and one Thompson organized a partnership to engage in the mercantile business in Clarksville, under the firm name of Thompson and Collier, in which each owned a one-half interest. Due to differences existing between the partners during 1918, Thompson notified petitioner that he was going to dissolve the partnership, and they orally agreed in the summer of that year that, after the inventory as of the close of the year was taken, one of the parties would make an offer and the other would sell his one-half interest or buy the offeror's one-half interest at that price. Sometime between Christmas and the end of the year 1918, the inventory was completed and Thompson made an offer of 80 cents on the dollar. On or after January 1, 1919, the petitioner accepted this offer, agreeing to sell his one-half interest at 80 per cent of its cost, as shown by the inventory. In February of 1919, Thompson gave the petitioner his note for 80 per cent of the cost of petitioner's interest. The sale was made in 1919 and any loss resulting therefrom was sustained in the year 1919.

It was stipulated at the hearing that a loss of $3,743 was allowable for 1919 on the sale of certain cotton by the petitioner, and that the interest allowable as a deduction for 1919 was $578.99, instead of the $339.13 allowed by the Commissioner. The Commissioner also conceded error in computing the deduction to which petitioner was entitled pursuant to the provisions of section 214(a)(11) of the Revenue Act of 1918.

### OPINION.

MILLIKEN: In view of the stipulations entered into at the hearing, the sole question remaining is whether the loss upon the petitioner's one-half interest in the stock of merchandise is deductible for 1918. Under the Revenue Act of 1918 losses are deductible only in the year in which sustained. The petitioner contends that the oral agreement to sell at a fixed price, which was entered into during 1918, was the equivalent of a written contract under the laws of Arkansas. However, as set forth in our findings of fact, the terms of the proposed sale were not agreed upon by the parties within the year 1918. Prior to the fixing of the terms of sale, there existed only an agreement between the parties that they would buy or sell their interest at a future date at a price to be later determined. Such was the status of the

agreement throughout 1918 as shown by the record. Obviously, such an agreement does not constitute a sale. There being no sale within the year 1918, petitioner did not sustain the loss claimed within that year. The sale, however, was closed in 1919, and a loss measured by 20 per cent of the inventory as claimed was sustained in that year. The deficiencies for the years in question will be recomputed in accordance with this decision.

*Judgment will be entered on 15 days' notice, under Rule 50.*